IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA A. GONZALES,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant.<br>_____/ | No. C 14-03850 JSW<br><br>**ORDER REGARDING MOTION FOR REMAND AND MOTION TO DISMISS** |

Now before the Court is the motion for remand filed by plaintiff Veronica A. Gonzales ("Plaintiff") and the motion to dismiss filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The Court finds these matters are suitable for disposition without oral argument and VACATES the hearing set for October 31, 2014. *See* N.D. Civ. L.R. 7-1(b). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby denies Plaintiff's motion for remand and grants Wells Fargo's motion to dismiss.[1]

**BACKGROUND**

Plaintiff filed a complaint in state court alleging violations of California statutory provisions regarding Wells Fargo's attempts to foreclose on Plaintiff's residence located at 36 Rustic Way, San Rafael, CA 94901 (the "Property"). Wells Fargo removed the action to this Court based on diversity jurisdiction. Plaintiff moves to remand this action back to state court. Wells Fargo moves to dismiss Plaintiff's complaint on the grounds that Plaintiff fails to allege

---

[1] The Court GRANTS Wells Fargo's requests for judicial notice ("RJN"). *See* Fed. R. Evid. 201.

sufficient facts to state any claim. The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.   Applicable Legal Standards.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is construed strictly against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. In order to determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence." *Valdez*, 372 F.3d at 1117. It is well established that a court must evaluate whether it has jurisdiction based on the circumstances that exist at the time the notice of removal is filed. *See, e.g., Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265,

2

1 286 (1986)). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that
2 is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a probability
3 requirement, but it asks for more than a sheer possibility that a defendant has acted
4 unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's
5 liability, it stops short of the line between possibility and plausibility of entitlement to relief."
6 *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal
7 quotation marks omitted).

**B. Plaintiff's Motion for Remand.**

Plaintiff contends that this Court lacks diversity jurisdiction over this matter. First, Plaintiff argues that complete diversity is lacking because Wells Fargo, a national bank, is a citizen of California as well as South Dakota. Wells Fargo counters that it is a citizen only over South Dakota, where it's main office is located. The Ninth Circuit recently clarified that national banks are only a citizen of the sate in which its main office is located. *Rouse v. Wachovia Mortgage*, 747 F.3d 707, 708 (9th Cir. 2014). Therefore, the Ninth Circuit found that Wells Fargo is only a citizen of South Dakota, where its main office is located. *Id*. Accordingly, the Court finds that there is complete diversity between the parties.

Next, Plaintiff argues that its not clear that the amount in controversy is over the jurisdictional amount of $75,000. However, where, as here, a plaintiff seeks injunctive relief, the value of the object of the litigation determines the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Plaintiff seeks an injunction prohibiting the sale of the Property. (Compl., p. 14.) Therefore, the Property, Plaintiff's home, is an object of the litigation in this action. *See Graham v. U.S. Bank, N.A.*, 2013 WL 2285184, * 3 (N.D. Cal. May 23, 2013) (finding that the object of the litigation was the plaintiff's home where the plaintiff sought injunctive relief preventing foreclosure); *Lowry v. EMC*, 2012 WL 3257652, * 4 (D. Ariz. Aug. 8, 2012) (same); *Henderson v. Nationstart Mortg. Co.*, *LLC*, 2008 WL 302374, *1 (W.D. Wash. Jan. 31, 2008 (same). Plaintiff's mortgage used to purchase the home was $600,000. (RJN in Opp. to Motion to Remand, Ex. 4.) The most recent notice of trustee's sale lists the unpaid amount owed under the deed of trust as just under $700,000. (*Id*., Ex. 6.)

3

1 Therefore, the value of the Property easily satisfies the jurisdictional amount. The Court, thus,
2 denies Plaintiff's motion to remand.

**C.     Wells Fargo's Motion to Dismiss.**

Wells Fargo moves to dismiss Plaintiff's claims under California Civil Code sections 2923.5, 2924.17, 2923.55, 2923.6, 2923.7, 2924.12, 2934a, 2924b, and 2924a. Plaintiff does not oppose Wells Fargo's motion with respect to her claims under California Civil Code sections 2934a, 2924b, and 2924a and in her opposition states that she is voluntarily dismissing these claims. Therefore, the Court grants Wells Fargo's motion as to Plaintiff's claims under California Civil Code sections 2934a, 2924b, and 2924a. The Court will address the remainder of Plaintiff's claims in turn.

**1.     California Civil Code § 2923.5.**

Wells Fargo argues that Plaintiff cannot state a claim under this statutory provision. The notice of default was recorded on December 1, 2010. (Compl., ¶ 17.) At that time, Section 2923.5 stated, in pertinent part, that it applied to "mortgages or deeds of trust recorded from January 1, 2003, to December 31, 2007, inclusive." *Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal. App. 4th 1250, 1282 (2012) (quoting Cal. Civ. Code, § 2923.5, subd. (i).) The deed of trust at issue was recorded in 2001. (RJN in Support of Motion to Dismiss, Ex. 1. Thus, based on the plain language of the statute, this provision is inapplicable to Plaintiff's mortgage.

Effective January 1, 2013, Section 2923.5 was amended through California's Homeowner Bill of Rights ("HBOR"). However, the HBOR is not retroactive. "California courts comply with the legal principle that unless there is an express retroactivity provision, a statute will *not* be applied retroactively unless it is *very clear* from extrinsic sources that the Legislature . . . must have intended a retroactive application." *Myers v. Philip Morris Co., Inc.*, 28 Cal. 4th 828, 841 (2002) (internal quotation marks and citation omitted) (emphasis in original). There is no express retroactivity provision in the HBOR rights. Plaintiff fails to cite to any portion of the legislative history that suggests that the California Legislature intended the HBOR to be applied retroactively. Other courts examining this issue have concluded that the HBOR may not be applied retroactively. *See*, *e.g.*, *Rockridge Trust v. Wells Fargo, N.A.,* 985 F.

4

Supp. 2d 1110, 1152 (N.D. Cal. 2013); *Nugent v. Federal Home Loan Corp.*, 2014 WL 4960902, *4 n. 8 (E.D. Cal. Oct. 1, 2014) (HBOR "is not retroactive and thus does not apply to documents executed prior to January 1, 2013."); *Tavares v. Nationstar Mortg. LLC*, 2014 WL 3502851, *7 (S.D. Cal. July 14, 2014); *Pruitt v. U.S. Bank, N.A.*, 2013 WL 6798999, * 3 (E.D. Cal. Dec. 20, 2013). Accordingly, Plaintiff has not, and cannot, state a claim under California Civil Code section 2923.5. Therefore, the Court dismisses this claim without leave to amend.

### 2. California Civil Code § 2924.17.

Plaintiff's claim under this provision is dependant upon her alleged violation of California Civil Code section 2923.5. Because the Court is dismissing Plaintiff's claim under Section 2923.5 without leave to amend, the Court dismisses Plaintiff's claim under Section 2924.17 as well.

### 3. California Civil Code § 2923.55.

Wells Fargo also moves to dismiss Plaintiff's claim for violation of California Civil Code § 2923.55 on the grounds that this provision did not go into effect until January 1, 2013 as part of the HBOR and is not retroactive. As discussed above, the Court finds that the HBOR may not be applied retroactively. Accordingly, the Court dismisses this claim without leave to amend.

### 4. California Civil Code §§ 2923.6 and 2923.7.

Both of these statutory provisions provide requirements for a mortgage servicer that are conditional upon a borrower's application for a loan modification or a request for a foreclosure preventative alternative. *See* Cal. Civ. Code §§ 2923.6, 2923.7; *see also Major v. Wells Fargo Bank, N.A.*, 2014 WL 4103936, *5-6 (S.D. Cal. Aug. 18, 2014). Plaintiff fails to allege that she submitted an application for a loan modification or requested a foreclosure preventative alternative. Accordingly, Plaintiff fails to allege sufficient facts to state a claim under California Civil Code sections 2923.6 or 2923.7. However, the Court will provide leave to amend to allege additional facts.

///

///

5

**5.     California Civil Code § 2924.12.**

Wells Fargo moves to dismiss this claim on the grounds that it provides injunctive relief for Plaintiff's other claims. Because Plaintiff's underlying substantive claims are being dismissed, Wells Fargo contends that Plaintiff's claim under Section 2924.12 should be dismissed as well. Plaintiff's only response is to argue that her underlying claims are valid. As discussed above, all of Plaintiff's substantive claims are being dismissed. Accordingly, the Court dismisses Plaintiff's claim under Section 2924.12 as well. However, because the Court is providing Plaintiff with leave to amend her substantive claims under Sections 2923.6 and 2923.7, the Court will provide Plaintiff with leave to amend her claim under Section 2924.12 as well.

**6.     California Business and Professions Code § 17200.**

As with Plaintiff's claim under California Civil Code section 2924.12, Plaintiff's claim under California Business and Professions Code section 17200 is dependant upon violations of the substantive statutory provisions asserted in Plaintiff's complaint. Because the Court is dismissing all of Plaintiff's substantive statutory claims, the Court dismisses this claim as well with leave to amend.

### CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for remand and GRANTS Wells Fargo's motion to dismiss. Plaintiff may file an amended complaint to allege additional facts to state claims under California Civil Code sections 2923.6, 2923.7 and 2924.12, as well as California Business and Professions Code section 17200 in accordance with this Order by no later than December 1, 2014. If Plaintiff fails to file an amended complaint by December 1, 2014, the Court will dismiss this action with prejudice.

**IT IS SO ORDERED.**

Dated: October 28, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE