IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA A. GONZALES,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK NA, et al.,<br><br>  Defendants.<br>_____ / | No. C 14-03850 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Now before the Court is the motion to dismiss filed by Defendant Wells Fargo Bank ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument, and therefore VACATES the hearing scheduled for March 13, 2015. *See* Civil L.R. 7-1(b). For the reasons that follow, the Court hereby GRANTS Defendant's motion.[1]

**BACKGROUND**

Plaintiff filed a complaint in state court alleging violations of California statutory provisions regarding Defendant's attempts to foreclose on Plaintiff's residence located at 36 Rustic Way, San Rafael, CA 94901. Defendant removed the action to this Court based on diversity jurisdiction. On October 28, 2014, the Court denied Plaintiff's motion to remand, and granted Defendant's motion to dismiss. The Court dismissed with prejudice Plaintiff's claims predicated on California Civil Code sections 2923.5, 2924.17, and 2923.55, but granted Plaintiff leave to amend her claims predicated on California Civil Code sections

---

[1] The Court GRANTS Wells Fargo's requests for judicial notice ("RJN") and OVERRULES Plaintiff's objections thereto. *See* Fed. R. Evid. 201.

1  2923.6, 2923.7, and 2924.12, and California Business and Professions Code section 17200. On
2  November 26, 2014, Plaintiff filed an amended complaint.

3  The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

### A. Legal Standard for Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986),

*overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.    Plaintiff's Claims Are Not Precluded By Res Judicata.**

Defendant first argues that Plaintiff's complaint must be dismissed because it is barred by res judicata. On May 7, 2014, Plaintiff, acting in pro per, filed a lawsuit in state court, alleging similar causes of action to those asserted here, against the same Defendants. On May 15, 2014, Plaintiff voluntarily dismissed the state court action, and checked the box indicating she was doing so with prejudice. Defendant contends that this voluntary dismissal with prejudice bars Plaintiff's federal case under the doctrine of res judicata.

Res judicata, or claim preclusion, bars a party from asserting claims that were, or could have been asserted in a earlier suit between the same parties. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). A federal district court sitting in diversity applies the res judicata law of the state in which it sits. *Id.* Therefore, the Court must look to California law in its res judicata analysis.

Under California law, a claim may be barred by res judicata if:

> (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

*Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010). In general, a dismissal with prejudice of a previous action will act as a judgment on the merits and will preclude a plaintiff from pursuing a second case. *Id.* at 793. However, "a mere statement that a judgment of dismissal is 'with prejudice' is not conclusive. It is the nature of the action and the character of the judgment that determines whether it is res judicata." *Gagnon Co. v. Nevada Desert Inn*, 45 Cal. 2d 448, 455 (1955). If a dismissal is designated "with prejudice," but it is clear that it was not intended to constitute a judgment on the merits, a plaintiff should not be precluded from bringing a second action. *Id.*

Plaintiff filed her initial state court action in pro per. Approximately one week after she filed the state court case, she voluntarily dismissed it. The dismissal was characterized as "with

3

1  prejudice" because Plaintiff checked that box on the dismissal form.  There is no indication that
2  Defendants were even served with the complaint in the eight days between when Plaintiff filed
3  the state court action and when she voluntarily dismissed it.  Under these circumstances, the
4  Court is satisfied that Plaintiff's dismissal with prejudice of her earlier lawsuit was not intended
5  to constitute a final judgment on the merits of her claims.  It would be inequitable to prevent
6  Plaintiff from pursuing her case because of an error she made as an unrepresented individual.

7  Accordingly, the Court concludes that res judicata does not bar this case, and the Court
8  will not grant Defendant's motion on this basis.

### C. Plaintiff's Complaint is Dismissed, With Leave To Amend.

Defendant next argues that the complaint should be dismissed because Plaintiff fails to allege facts sufficient to support her causes of action pursuant to California Civil Code sections 2923.6 and 2923.7.  In ruling on the previous motion in this case, the Court granted Defendant's motion to dismiss because both statutory sections are conditioned upon the borrower having applied for a loan modification or a foreclosure prevention alternative.  (ECF No. 33 at 5.) However, the Court granted leave to amend to give Plaintiff the opportunity to allege additional facts.  (*Id.*)

Section 2923.6 provides that a mortgage servicer may not record a notice of default, a notice of sale, or conduct a trustee's sale until the servicer make a written determination that the borrower is not eligible for a loan modification.  Cal. Civ. Code § 2923.6(2)(c).  This provision is only triggered, however, if the borrower has submitted "a complete application for a first loan modification."  *Id.*  Plaintiff alleges that she "submitted a complete first lien loan modification application and requested a first lien loan modification or foreclosure prevention alternative on or about May 2013, as well as July, 2014."  (FAC ¶ 22.)  Plaintiff bases her allegations under section 2923.6 on a notice of trustee's sale, recorded on May 9, 2013.  (*See* RJN Ex. 8.) Although Plaintiff alleges that she filed a complete loan modification application sometime around May 2013, she fails to allege that she filed it before the notice of trustee's sale was issued.  Thus, to the extent Plaintiff's claim is premised upon section 2923.6, it must fail.

4

Section 2923.7 provides that, if a borrower requests a foreclosure prevention alternative, the mortgage servicer must promptly establish a single point of contact with whom the borrower may communicate. Cal. Civ. Code § 2923.7(a). However, this provision is only triggered if the borrower has both requested a foreclosure prevention alternative, and has requested that a single point of contact be provided. *Id.* As the Court noted above, the amended complaint states only that Plaintiff requested a loan modification or a foreclosure prevention alternative sometime around May 2013, and again around July 2014. The Court finds that Plaintiff has failed to adequately plead that she ever actually applied for a foreclosure prevention alternative specifically – as opposed to a loan modification – or that she ever requested that her mortgage servicer provide her with a single point of contact. Her claim under section 2923.7 must therefore fail.

However, the Ninth Circuit counsels that leave to amend should be granted "with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Accordingly, the Court will GRANT Defendant's motion to dismiss Plaintiff's claims pursuant to sections 2923.6 and 2923.7, but will provide leave to amend. Should Plaintiff choose to amend her complaint, she should allege facts which would support her claims. Specifically that, pursuant to section 2923.6, her first lien loan modification application was complete on or before May 9, 2013; and that, pursuant to section 2923.7, Plaintiff actually requested both a foreclosure prevention alternative and a single point of contact. Of course, Plaintiff should only allege these facts if she can do so in good faith.

Finally, as the Court noted in its previous Order, Plaintiff's claims pursuant to California Civil Code section 2924.12, and California Business and Professions Code section 17200 are dependant upon her substantive allegations under sections 2923.6 and 2923.7. Therefore, the Court also GRANTS Defendant's motion to dismiss these causes of action, with leave to amend.

5

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. If Plaintiff wishes to file an amended complaint, she must do so by no later than March 27, 2015. If Plaintiff fails to file an amended complaint by March 27, 2015, the Court will dismiss this action with prejudice.

**IT IS SO ORDERED.**

Dated: February 26, 2015



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE