IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERONICA A. GONZALES,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 14-03850 JSW

**ORDER REGARDING DEFENDANT'S THIRD MOTION TO DISMISS**

Now before the Court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss the second amended complaint[1] ("SAC") filed by plaintiff Veronica A. Gonzales ("Plaintiff"). The Court finds this matter is suitable for disposition without oral argument and, thus, VACATES the hearing set for June 5, 2015. *See* N.D. Civ. L.R. 7-1(b). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and for the reasons that follow, grants in part and denies in part Defendant's motion.[2]

**BACKGROUND**

Plaintiff filed a complaint in state court alleging violations of California statutory provisions regarding Defendant's attempts to foreclose on Plaintiff's residence located at 36 Rustic Way, San Rafael, CA 94901. Acting upon previous motions to dismiss, the Court has twice before dismissed Plaintiff's claims under California Civil Code sections 2923.6 and 2923.7 for failure to state a claim, but provided leave to amend. The first time, the Court

---

[1] The document is captioned "FIRST AMENDED VERIFIED COMPLAINT" but it is actually the second time the complaint has been amended.

[2] The Court GRANTS Wells Fargo's request for judicial notice ("RJN"). *See* Fed. R. Evid. 201.

dismissed Plaintiff's claims under these statutory provisions because Plaintiff failed to allege that she submitted an application for a loan modification or requested a foreclosure preventative alternative. The Court also dismissed with leave to amend Plaintiff's derivative claims under California Civil Code section 2924.12 and California Business and Professions Code section 17200. The second time, the Court dismissed Plaintiff's claim under Section 2923.6 because she failed to allege that she submitted a complete loan modification application before the notice of trustee's sale was recorded on May 9, 2013. Plaintiff had only alleged that she filed a filed a complete loan modification application *sometime around May 2013*. The Court dismissed Plaintiff's claim under Section 2923.7 on the grounds that she failed to adequately plead that she ever actually applied for a foreclosure prevention alternative specifically – as opposed to a loan modification – or that she ever requested that her mortgage servicer provide her with a single point of contact. The Court also dismissed Plaintiff's derivative claims under California Civil Code section 2924.12 and California Business and Professions Code section 17200 based on her failure to plead substantive violations of Sections 2923.6 or 2923.7. The Court provided Plaintiff with leave to amend.

Defendant now moves to dismiss Plaintiff's SAC. The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.   Legal Standard for Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

2

1    Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but
2 must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A
3 claim has facial plausibility when the Plaintiff pleads factual content that allows the court to
4 draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft*
5 *v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  If the allegations are
6 insufficient to state a claim, a court should grant leave to amend, unless amendment would be
7 futile.  *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss*
8 *& Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

9    As a general rule, "a district court may not consider material beyond the pleadings in
10 ruling on a Rule 12(b)(6) motion."  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994),
11 *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)
12 (citation omitted).  However, documents subject to judicial notice may be considered on a
13 motion to dismiss.  In doing so, the Court does not convert a motion to dismiss to one for
14 summary judgment.  *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986),
15 *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104
16 (1991).

17  **B.   Defendant's Motion to Dismiss.**

18    As noted above, Plaintiff previously alleged that she submitted a complete loan
19 modification *sometime around May 2013*.  She failed to allege that she had submitted the
20 complete application for a loan modification before the notice of trustee's sale was recorded on
21 May 9, 2013.  In her SAC, Plaintiff alleges that she "submitted a loan modification" to
22 Defendant on May 2, 2013, but fails to allege she submitted *an application* for a loan
23 modification that was *complete* on this date.  (SAC, ¶ 26.)  Plaintiff then alleges that she
24 "submitted a loan modification application on May 2nd, [*sic*] 2013 prior to the Trustee Sale
25 Notification on May 9, *2014*.  Thereafter Plaintiff a [*sic*] requested a first lien loan modification
26 or foreclosure prevention alternative on or about May, *2013*, and again in July, *2014*."  (SAC, ¶
27 31) (emphasis added.)

28

The Court notes that the drafting of the various versions of the complaint have been quite sloppy, at best. Perhaps Plaintiff merely inadvertently omitted the words "complete" and "application" from paragraph 26, but without these words, Plaintiff's allegations are insufficient to state a claim under Section 2923.6. The allegations in paragraph 31 do not assist her. She still fails to clearly allege that she submitted a complete application for a loan modification *before* a notice of trustee's sale was recorded. Plaintiff had already been told by the Court that she needed to allege that she had provided a complete application for a loan modification in order to state a claim under Section 2923.6. She was then given leave to amend to clarify that she had actually submitted a complete application for a loan modification to Defendant before the notice of trustee's sale had been recorded. Because leave to amend should be granted with extreme liberality and it is not clear that granting such leave would be futile, the Court will, once again, provide Plaintiff with leave to amend. However, the Court admonishes Plaintiff to **carefully proof read** the allegations in her complaint before filing another amended complaint. Moreover, to the extent the complaint states that exhibits are attached, Plaintiff shall actually attach the exhibits.

With respect to Plaintiff's claim under Section 2923.7, Plaintiff's claim had been dismissed based on her failure to adequately plead that she ever actually applied for a foreclosure prevention alternative specifically – as opposed to a loan modification – or that she ever requested that her mortgage servicer provide her with a single point of contact. However, upon further review, the Court notes that allegations stating that an application for a loan modification had been submitted are sufficient to trigger the requirement under Section 2923.7 to assign a single point of contact ("SPOC"). *See Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 1000 (N.D. Cal. 2014) (noting that "[a] plain reading of the statute requires Wells Fargo to assign a SPOC when a borrower requests a foreclosure prevention alternative. It does not require a borrower to specifically request a SPOC."); *see also McFarland v. JP Morgan Chase Bank*, 2014 WL 4119399, *11-12 (C.D. Cal. Aug. 21, 2014); *Mungai v. Wells Fargo Bank*, 2014 WL 250890, *10 (N.D. Cal. June 3, 2014). Moreover, courts have found that a request for a loan modification constitutes a request for "a foreclosure prevention alternative."

4

*Penermon*, 47 F. Supp. 3d at 1000; *also McFarland*, 2014 WL 4119399 at \*12; *Mungai*, 2014 WL 250890 at \*10. Therefore, the Court denies Defendant's motion to dismiss as to Plaintiff's claim under Section 2923.7.

Moreover, Defendant moves to dismiss Plaintiff's derivative claims under California Civil Code section 2924.12 and California Business and Professions Code section 17200 based on her failure to plead substantive violations of Sections 2923.6 or 2923.7. Because the Court is not dismissing Plaintiff's claim under Section 2923.7, the Court denies Defendant's motion to dismiss as to Plaintiff's derivative claims as well.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. The Court GRANTS Defendant's motion as to Plaintiff's claim under California Civil Code section 2923.6, but DENIES Defendant's motion as to the remainder of Plaintiff's claims. The Court is providing Plaintiff with leave to amend. If Plaintiff elects to amend her claim under Section 2923.6, she shall file a third amended complaint by no later than June 17, 2015. Defendant shall answer or otherwise respond by no later than July 8, 2015.

**IT IS SO ORDERED.**

Dated: May 27, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE